ACCEPTED
15-25-00136-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/15/2025 10:29 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00136-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/15/2025 10:29:14 AM
CHRISTOPHER A. PRINE
Clerk

———————————————————————

### In the Court of Appeals for the Fifteenth Judicial District

———————————————————————

*In re: Silver Star Properties REIT, Inc., et al., Relators*

Original Proceeding from the Texas Business Court,
Eighth Division, Fort Worth, Texas, Cause No. 25-BC08B-0016
Hon. Brian Stagner, Judge Presiding

---

## RELATORS' MOTION FOR EMERGENCY STAY

---

Relators ask the Court for an emergency stay of the proceedings below.

### A. INTRODUCTION

1. Relators are Silver Star Properties REIT, Inc., Silver Star CRE, LLC, Silver Star CRE II, LLC, Silver Star Delray, LLC, who filed an Application for TRO and Temporary Injunction in the 48th Judicial District Court. The 48th issued a TRO on August 4, 2025, and set a Temporary Injunction hearing on August 12, 2025 *Appendix 5*.

2. Real Parties in Interest are BSPRT CRE Finance, LLC, FBRED BDC Finance, LLC, BSPRT CS Loan, LLC, who removed the case to business court, where a new Temporary Injunction hearing is currently set for August 20, 2025. *Appendix 8*.

3. Respondent is the Honorable Brian Stagner, Judge Presiding, Texas Business Court, Eighth Division, who declined to rule on whether the Eighth Division has subject-matter jurisdiction but intends to hold a trial on the merits of Relators' injunctive relief on Wednesday, August 20, 2025, at 1:30 p.m. *Appendix 1; 8.*

4. An emergency stay of the proceedings below is necessary to protect the parties from the risk of orders void for lack of subject-matter jurisdiction, until such time as this Court determines whether this case belongs in the Texas Business Courts or the 48th Judicial District Court.

5. On August 14, 2025, Relators filed a Petition for Writ of Mandamus in this Court, asking the Court to instruct the Eighth Division it does not have subject-matter jurisdiction because the "amount in controversy" is less than $10 million, and to remand the case to the 48th Judicial District Court.

6. The Petition for Writ of Mandamus ask the Court to provide guidance on an question extremely important to the jurisprudence of the State, in situations very likely to recur and which would otherwise evade meaningful review:

> By what standard or rule of law shall the Texas Business Courts determine their jurisdiction quickly and easily – particularly in cases where emergency, expedited injunctive relief is pending (and where, as here, that relief is the core of Relators' claims), where failure to determine jurisdiction promptly and properly exposes the litigants to void orders and waste of valuable resources if the trial court ultimately lacks subject-matter jurisdiction?

7. Without regurgitating Relators' entire argument here, in general the Petition encourages this Court to move away from the lengthy and time-consuming briefing practice Texas courts with far broader jurisdiction use (which focus primarily on "does the plaintiff _have_ a case"), and instead to adopt the approach now used by federal courts with similarly narrow constraints on subject-matter jurisdiction (type of claims and "amount in controversy") and instead determine the issue promptly from the plaintiff's complaint ("does _this_ court have jurisdiction to _hear_ the plaintiff's case?") – even if the complaint is amended after removal.

8. As indicated in the Certificate of Conference below, Relators are unable to ascertain whether Real Parties in Interests agree to or oppose this emergency motion for stay.

## B. ARGUMENT AND AUTHORITIES

9. The Court may grant temporary relief pending its determination of an original proceeding. Tex.R.App.P. 52.10(b).

10. This emergency stay is necessary to maintain the status quo of the parties and to preserve the Court's jurisdiction to consider the merits of the original proceeding. _In re Reed_, 901 S.W.2d 604, 609 (Tex.App. – San Antonio 1995, orig. proceeding). Specifically, a stay prevents a potentially wrong court from

determining the merits of the Temporary Injunction relief until this Court can determine the right court to hear it.

11. All facts supporting this Motion can be readily ascertained from the Appendix and Petition, and no Affidavit is necessary to establish facts not included in the appellate record, not known to the Court in its official capacity, or not within the personal knowledge of the attorney signing this Motion.

## C. CONCLUSION

12. This Court's granting of a stay is necessary to preserve the status quo so that valuable rights are not lost in the interim by either side, which would render this Court's ultimate determination of the jurisdictional issue largely irrelevant to this case, and would waste valuable public and private resources.

## D. PRAYER

13. For these reasons, Relators ask the Court for an emergency stay to maintain the status quo of the parties and preserve the Court's jurisdiction to consider the merits of Relators' original proceeding and determine the appropriate trial court in which this case should proceed.

## CERTIFICATE OF CONFERENCE

On August 14, 2025, counsel for Relators sent counsel for Real Parties in Interest an E-mail attaching a courtesy copy of the Petition for Writ of Mandamus and indicating Relators' intention to file an Emergency Motion for Stay of the underlying proceedings. Counsel for Relators received no response. This morning, August 15, 2025, counsel for Relators followed up

4

by E-mail and expressly inquired whether Real Parties in Interest agree to or oppose this Motion. As of the filing of this Motion, counsel for Relators has received no response to either E-mail and is therefore unable to determine the Real Parties in Interest's position on the stay.

Respectfully submitted,

Walter L. Taylor
State Bar No. 19727030
***taylorlawfirmdfw@gmail.com***
**TAYLOR LAW FIRM**
6630 Colleyville Blvd, Suite 200
Colleyville, Texas 76034
Tel: (817) 770-4343
Tel: (512) 474-6600
Fax: (512) 474-6700
**ATTORNEY FOR RELATORS**

## TRAP 52.10(a) CERTIFICATION

By my signature above, I certify that – as required by Tex.R.Civ.P. 52.10(a) – on August 14, 2025, at 1:43pm and 1:49pm, respectively, I notified all parties by expedited means (E-mail) that this motion for temporary relief would be filed either yesterday evening or this morning.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has this day been served via certified mail, return receipt requested, electronic service, facsimile or hand delivery in open court, upon the Real Parties in Interest and Respondent on this 15th day of August, 2025:

**Jacob Sparks**
Email: ***Jacob.Sparks@NelsonMullins.com***
**Brent T. Buyse**
Email: ***Brent.Buyse@NelsonMullins.com***
**Xenna Davis**
Email: ***Xenna.Davis@NelsonMullins.com***
**NELSON MULLINS RILEY &SCARBOROUGH, LLP**

Hon. Brian Stagner
Judge Presiding
Texas Business Court
Eighth Division
1515 Commerce Street, Ste. 170
Fort Worth, TX 76102
***BCDivision8B@txcourts.gov***

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Walter Taylor on behalf of Walter Taylor
Bar No. 19727030
taylorlawfirmdfw@gmail.com
Envelope ID: 104424010
Filing Code Description: Motion for Emergency Relief
Filing Description: 2025.08.15 Relators' Motion for Emergency Stay
Status as of 8/15/2025 10:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 10:29:14 AM | SENT |
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 10:29:14 AM | SENT |
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 10:29:14 AM | SENT |
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 10:29:14 AM | SENT |
| Jacob Sparks | | Jacob.Sparks@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Jacob Sparks | | Jacob.Sparks@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Jacob Sparks | | Jacob.Sparks@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Brent Buyse | | Brent.Buyse@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Brent Buyse | | Brent.Buyse@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Brent Buyse | | Brent.Buyse@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Xenna Davis | | Xenna.Davis@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Xenna Davis | | Xenna.Davis@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Xenna Davis | | Xenna.Davis@NelsonMullins.com | 8/15/2025 10:29:14 AM | SENT |
| Brian Stagner | | BCDivision8B@txcourts.gov | 8/15/2025 10:29:14 AM | SENT |
| Jessica Cannon | | jessica.cannon@nelsonmullins.com | 8/15/2025 10:29:14 AM | SENT |
| Mary Versfelt | | mary.versfelt@nelsonmullins.com | 8/15/2025 10:29:14 AM | SENT |